**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Juan Carlos Garcia,<br><br>             Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>             Defendant. | No. CV-23-00253-TUC-SHR (JR)<br><br>**Order Re: Report & Recommendation** |

Pending before the Court is a Report and Recommendation ("R&R") (Doc. 24) issued by United States Magistrate Judge Jacqueline M. Rateau recommending the Court reverse the decision of the administrative law judge ("ALJ") and remand this matter for the immediate calculation and payment of benefits. Defendant, the Commissioner of the Social Security Administration, has filed an Objection (Doc. 25), and Plaintiff has filed a Response (Doc. 26). For the following reasons, the Court will overrule Defendant's Objection in part and sustain it in part, adopt the R&R in part and reject it in part, reverse the decision of the ALJ insofar as the credibility determination was not sufficiently supported, and remand this matter for further proceedings.

**I.   Background**

Because the Commissioner does not object to the Magistrate Judge's factual and procedural history (*see generally* Doc. 25), the Court adopts the factual findings and will only restate the relevant procedural history. In his Complaint, Garcia "claims the ALJ failed to support his reduced credibility determination with specific, clear[,] and convincing

reasons." (Doc. 24 at 10.) The ALJ discounted Garcia's allegations and testimony about his severe pain and limitations, claiming his allegations were inconsistent with (1) some normal findings from examinations or mild to moderate degenerative changes on spinal imaging, (2) perceived improvement of symptoms with treatment, (3) perceived conservative treatment, (4) Garcia's limited work history, and (5) Garcia's daily activities. (*Id.* at 12.) In the R&R, the Magistrate Judge concluded the ALJ erred because the five reasons the ALJ gave for discounting Garcia's symptom testimony were not clear and convincing. (*Id.*) After finding the ALJ erred, the Magistrate Judge concluded remand for immediate calculation and payment of benefits was appropriate because "the requirements for the credit-as-true rule [were] met." (*Id.* at 27–29.) Specifically, the Magistrate Judge noted, "[c]onsidering the [vocational expert's] testimony, crediting as true Garcia's symptom testimony would result in a determination that he is disabled." (*Id.* at 28.)

The Commissioner objected to part of the Magistrate Judge's credibility analysis and objected to the disposition.[1] The Commissioner contends the Magistrate Judge erred in finding the ALJ failed to "explain why he determined that the normal findings in Garcia's medical records were more significant and worthy of being relied upon than the abnormal findings." (Doc. 25 at 3–4.) Next, the Commissioner asserts the Magistrate Judge improperly determined the ALJ's finding on perceived improvement of symptoms, based on periods of pain relief, contradicted the overwhelming record evidence of consistent pain. (*Id.* at 4–5.) Lastly, the Commissioner argues remand for immediate calculation of benefits is not warranted. (*Id.* at 6–10.)

## II.   Standard of Review

When reviewing a magistrate judge's R&R, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "[T]he district judge must review the magistrate judge's

---

[1] The Commissioner does not *specifically* object to the Magistrate Judge's conclusions on the three other reasons the ALJ listed for discounting Garcia's symptom allegations, namely "activities, limited work history, and conservative treatment." (Doc. 25 at 5.) Therefore, the Court need not consider the merits of these three reasons and will adopt the Magistrate Judge's reasoning and findings on these three reasons without further discussion.

findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original). However, objections to R&Rs "are not to be construed as a second opportunity to present the arguments already considered by the Magistrate Judge." *Betancourt v. Ace Ins. Co. of Puerto Rico*, 313 F. Supp. 2d 32, 34 (D.P.R. 2004); *see also Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) ("The purpose of the Federal Magistrates Act is to relieve courts of unnecessary work" and "[t]here is no increase in efficiency, and much extra work, when a party attempts to relitigate every argument which it presented to the Magistrate Judge."). Additionally, district courts are not required to review any portion of an R&R to which no specific objection has been made. *See, e.g., Thomas v. Arn*, 474 U.S. 140, 149–50 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").

## III. Relevant Law

### a. ALJ's Credibility Determination

When determining whether a claimant is disabled, an ALJ conducts a five-step evaluation, *see* 20 C.F.R. §§ 404.1520, 416.920, and "is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *see also Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). When evaluating credibility, the ALJ must engage in a two-step analysis: (1) determine whether the claimant presented objective medical evidence of an impairment that could reasonably be expected to produce some degree of pain or other symptoms alleged; and, if so with no evidence of malingering, (2) reject the claimant's testimony about the severity of the symptoms only by giving specific, clear, and convincing reasons for doing so. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The Court can reverse the ALJ's decision when it is not supported by substantial evidence or if it constitutes harmful legal error. *Aukland v. Massanari*, 257

F.3d 1033, 1035 (9th Cir. 2001). The ALJ "and not the reviewing court must resolve conflicts in the evidence, and if the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992) (quoting *Richardson v. Perales*, 402 U.S. 389, 400 (1971)); *see also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1198 (9th Cir. 2004). "Substantial evidence means . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (quoting *Desrosiers v. Sec'y of Health & Hum. Servs.*, 846 F.2d 573, 576 (9th Cir. 1988)).

When reviewing the ALJ's decision, the Court "must consider the entire record as a whole" and weigh the evidence supporting and the evidence detracting from the ALJ's conclusion. *Id.* (quoting *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014)). Moreover, the Court may not reverse or affirm "simply by isolating a specific quantum of supporting evidence." *Id.* (quoting *Garrison*, 759 F.3d at 1009). Therefore, "where evidence is susceptible to more than one rational interpretation," the Court should uphold the ALJ's decision. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)).

b. <u>Disposition</u>

Under 42 U.S.C. § 405(g), a court may affirm, modify, or reverse a decision of the Commissioner "with or without remanding the cause for a rehearing." Thus, if appropriate, "courts are free to reverse and remand a determination by the Commissioner with instructions to calculate and award benefits." *Garrison*, 759 F.3d at 1019. Under the credit-as-true rule, a court may remand for the immediate calculation and award of benefits if:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Id.* at 1020. However, if "the record has not been fully developed, there is a need to resolve conflicts and ambiguities, or the presentation of further evidence may well prove enlightening in light of the passage of time," further administrative proceedings may be useful. *Treichler*, 775 F.3d at 1101 (cleaned up) (internal citations omitted). Additionally, if "the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act," the Court may decline to apply the credit-as-true rule and instead remand for further proceedings. *Garrison*, 759 F.3d at 1021. The Ninth Circuit has applied the credit-as-true rule to remand a case involving improperly discredited lay witness testimony, medical opinions, and claimant testimony where the claimant "waited over seven years for her disability determination" and "additional proceedings would only delay her receipt of benefits." *See Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996).

Nevertheless, "[a]n automatic award of benefits in a disability benefits case is a rare and prophylactic exception to the well-established ordinary remand rule." *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017); *see also Treichler*, 775 F.3d at 1101 n.5 ("[O]ur jurisprudence . . . requires remand for further proceedings in all but the rarest cases.").

**IV.   Analysis**

The Court will first address the two aspects of the Magistrate Judge's credibility finding analysis the Commissioner objected to and then will address the appropriate disposition.

      a.   <u>ALJ's Credibility Determination</u>

The Commissioner asserts the ALJ reasonably considered Garcia's symptom allegations to discount Garcia's testimony, contrary to what the Magistrate Judge found. (Doc. 25 at 3.) Specifically, the Commissioner asserts the ALJ properly considered the normal findings in Garcia's medical records and the spinal imaging to discredit Garcia's testimony. The Court will address each concern in turn.

The Commissioner contends the ALJ did not rely solely on normal findings but

rather on a combination of the normal findings and the largely mild nature of the abnormal findings. (Doc. 25 at 3–4.) Garcia responds, noting "the ALJ failed to explain how the normal findings were inconsistent with any . . . testimony, failed to explain why the normal findings outweighed the abnormal findings . . . , and failed to reconcile cherry-picking of normal findings from time-limited appointments with Garcia's reports of chronic pain. (Doc. 26 at 5 (citing Doc. 24 at 19–22).) The Court agrees the ALJ's determination lacked a nexus between the normal findings and portions of Garcia's allegations and testimony. The normal findings combined with largely mild abnormal findings are insufficient to serve as a specific, clear, and convincing reason for disregarding Garcia's testimony unless the ALJ provides at least some analysis linking findings used to discredit the testimony with portions of the testimony.

Next, the Commissioner argues the ALJ properly noted the spinal imaging undermined Garcia's extreme pain allegations. (Doc. 25 at 4.) Garcia notes the ALJ failed to "relate the spinal imaging to a direct inconsistency within Garcia's testimony." (Doc. 26 at 4 n. 3.) Additionally, Garcia argues neither the ALJ nor the Commissioner is an "appropriate party to interpret whether spinal imaging findings supported pain reports." (*Id.*) The Court concludes the spinal imaging evidence cannot serve as a specific, clear, and convincing reason for disregarding Garcia's symptom testimony for two reasons. First, as properly noted by the Magistrate Judge, the ALJ cannot interpret raw medical data such as imaging results, e.g. MRIs and radiological studies. *See Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975). Second, even assuming the ALJ could interpret these imaging reports, the ALJ here failed to adequately link the spinal imaging trends to portions of Garcia's allegations or testimony the ALJ would disregard as a result. Therefore, the Commissioner's Objection as to this aspect of the R&R is overruled.

   b. <u>Disposition</u>

The Commissioner contends, even if the Court finds error, the matter should be remanded for further administrative action instead of for calculation of benefits. (Doc. 25 at 6.) The thrust of the Commissioner's Objection is the Magistrate Judge misidentified

the order of the three prongs of the credit-as-true rule and ignored "conflicts and ambiguities regarding the extent of Plaintiff's impairments and functionality" in the record. (*Id.* at 7.) In response, Garcia explains the Magistrate Judge properly applied the credit-as-true rule and found remand with instructions to immediately calculate and award benefits is appropriate. (Doc. 26 at 7–10.) Because the Court harbors serious doubt as to whether Garcia is disabled based on the record as a whole, the Court will decline to adopt the Magistrate Judge's recommended disposition and instead will remand for further proceedings. *See Garrison*, 759 F.3d at 1021. Insofar as the Commissioner objected to the appropriate form of remand, the Objection is sustained.

While two out of the three predicates for the credit-as-true rule are met, the Court finds the third predicate unmet. First, the Court agrees with the Magistrate Judge that the record has been fully developed through extensive administrative proceedings and further administrative proceedings would serve no useful purpose. (*See generally* Docs. 14, 15 (detailing proceedings between the agency and this Court over nearly a decade and including extensive medical records and examinations).) Second, as more specifically detailed above, the Court agrees the ALJ failed to provide legally sufficient reasons for rejecting Garcia's symptom testimony. However, if the improperly discredited evidence, i.e. Garcia's symptom testimony, were credited as true, the ALJ would not necessarily be required to find the claimant disabled on remand. The Court finds the conflicts and ambiguities in the record as noted by the Commissioner must be resolved by the ALJ on remand. Therefore, because the record indicates serious doubt as to whether Garcia is, in fact, disabled under the Social Security Act, the Court declines to exercise its discretion to apply the credit-as-true rule and remand for calculation of benefits. *See Leon*, 880 F.3d at 1044.

**V.  Conclusion**

Accordingly,

. . . .

. . . .

. . . .

**IT IS ORDERED**:

(1) The Commissioner's Objection (Doc. 25) is **OVERRULED in part** and **SUSTAINED in part**.

(2) The R&R (Doc. 24) is **ADOPTED in part** and **REJECTED in part**.

(3) The ALJ's decision is **REVERSED** insofar as its credibility determination was not sufficiently supported as detailed above, and this matter is **REMANDED** to the agency for further proceedings.

(4) The Clerk of the Court shall enter judgment accordingly and close this case.

Dated this 27th day of September, 2024.

*Scott Rash*
Honorable Scott H. Rash
United States District Judge